JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-06861 MMM (RZx) | Date | November 1, 2010 |
|---|---|---|---|

| Title | *ELRE Holdings, LLC v. Johnson, et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

### I. FACTUAL BACKGROUND

On May 20, 2010, plaintiff ELRE Holdings, LLC ("ELRE") filed an unlawful detainer action in Los Angeles Superior Court against *pro se* defendant Jeffery Johnson and Does 1 through 10.[1] ELRE alleged that on April 26, 2010, it purchased the real property located at 4160 3rd Avenue, Los Angeles, California 90002 ("the property") at a nonjudicial foreclosure sale conducted in compliance with California Civil Code §§ 2924 *et seq*.[2] On May 12, 2010, ELRE sent Johnson a three-day notice to quit in accordance with California Code of Civil Procedure § 1161(a).[3] ELRE's complaint pleads a single state law unlawful detainer claim.[4] In addition to possession of the property, it seeks forfeiture of any lease or rental agreement giving defendants or other occupants of the property a right

---

[1] Notice of Removal, Docket No. 1 (Sept. 15, 2010), ¶ 2.

[2] Notice of Removal, Exh. 1 (Summons and Complaint for Unlawful Detainer ("Complaint"), ¶¶ 7-8).

[3] Complaint, ¶¶ 11-12.

[4] *Id.*, at 1.

1

of possession, the fair rental value of the property at $60.00 per day of occupation since the three-day notice to quit expired, and costs of suit.[5] Johnson removed the action to federal court on August 27, 2010, alleging that the rules of evidence and civil procedure applied in state unlawful detainer action violate due process and are therefore unconstitutional.[6] As a consequence, he contends that the action involves a federal question that creates federal subject matter jurisdiction.

## II.  DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that plaintiff has either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a

---

[5]*Id.* at 4.

[6]Removal, ¶¶ 4, 9(c).

substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant can remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

### B. Whether the Requirements for Federal Question Jurisdiction Are Met

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

ELRE's complaint does not, on its face, raise a federal question. ELRE states a single unlawful detainer claim, which falls outside federal question jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010)

(remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* \*1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, \*1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Johnson contends he is entitled to remove the action because state court unlawful detainer procedures deny him due process and because "[d]efendants' – including the one subject of this removal – rights to equal protection under the law are non-existent in state court unlawful detainer actions."[7] As is apparent, Johnson raises federal law as a defense to ELRE's claim. See *Bank of America, N.A. v. Richards*, No. C 10-01062 CW, 2010 WL 1525728, \*1 (N.D. Cal. Apr. 15, 2010) ("Defendants assert that this Court has federal question jurisdiction because their 'rights to due process of law were denied.' Defendants complain, as they have in other cases filed in this Court, that Plaintiff lacked standing to foreclose on their property, rendering the process unlawful. These complaints do not accord this Court federal question jurisdiction over Plaintiff's unlawful detainer action. In determining whether subject matter jurisdiction is proper, the Court looks to Plaintiff's action, not Defendants' allegations concerning the action's impropriety. Although Defendants' complaints can be construed as defenses to Plaintiff's action, federal defenses to state law claims do not establish jurisdiction").

Even a defense based on federal law, however, does not provide grounds for removal. See *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272–73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court. . ."). ELRE's complaint does not plead a federal claim, and Johnson's allegations that unlawful detainer procedures violate due process and equal protection do not transform a state law cause of action into a federal claim. See *First Federal Bank of California v. Lim*, No. C10-03199 HRL, 2010 WL 2991244, \*1 (N.D. Cal. July 29, 2010) ("Defendant fails to support his assertion that this action arises under federal law. His notice of removal indicates that he has filed a separate lawsuit in state court against First Federal in connection with the foreclosure of the subject property. He further asserts that the mere filing of the unlawful detainer complaint by First Federal and the state court's acceptance of that complaint constitutes a violation of his Fifth Amendment due process rights. As this court stated with respect to defendant's prior removal notice, allegations in his removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. Moreover, the complaint that defendant seeks to remove states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. Accordingly, defendant has once again failed to show that removal is proper on account of any federal substantive law"); see also *Partners*

---

[7]*Id.*, ¶ 9(c).

*v. Gonzalez*, No. C-10-02598 EDL, 2010 WL 3447678 (N.D. Cal. Aug. 30, 2010) ("Here, the face of the [unlawful detainer] complaint, which asserts one state law claim only, does not provide any ground for removal.  To the extent that Defendant may have raised federal law issues in the answer or believes that the state court action was filed in violation of Defendant's due process rights, those issues do not provide a basis for removal.  Therefore, remand is proper because the complaint, on its face, does not arise under federal law").

Because a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint, and because none is apparent on the face of ELRE's unlawful detainer complaint, removal jurisdiction is lacking and the court must remand the case to state court.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith.